THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNIE BLAKE,

       Plaintiff,

v.                                                    Case No. 3:24-cv-01698-GCS

DR. KHAN, J. SMALLWOOD, and
WEXFORD HEALTH SOURCES INC.,

       Defendants.

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Johnie Blake, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his back pain in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, Wexford, and the Court.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on January 11, 2024, while at Centralia Correctional Center, he submitted a nurse sick call regarding pain in his hamstrings. (Doc. 1, p. 5). Although Plaintiff was told that he would see the doctor, he was never scheduled to see the doctor, and he continued to suffer from pain and numbness in his calves and butt. *Id*. On February 16, 2024, Plaintiff went to the healthcare unit for his pain, but he was told that he was on the doctor's list and thus, he was sent back to his housing unit. *Id*.

On March 4, 2024, while at his work assignment, Plaintiff's boss noted his pain and sent him to the healthcare unit. Again, Plaintiff was told by staff that he was on the list to see the doctor, and he was sent back to his housing unit, despite demonstrating difficulties in walking due to his pain. *Id*. On March 5, 2024, a sergeant sent Plaintiff to the healthcare unit in a wheelchair due to Plaintiff's increasing pain. Plaintiff was seen by Dr. Khan who gave him a shot of pain medication, ordered additional pain medication, x-rays, and a low-bunk permit; he also provided Plaintiff with a three-day lay-in. *Id*. Plaintiff also alleges that Dr. Khan left orders for staff to send Plaintiff to the emergency room if his pain continued.

Between March 5 and 9, 2024, Plaintiff was escorted to the healthcare unit on two occasions with extreme pain. Each time, he had to be assisted by another person due to his inability to walk (Doc. 1, p. 5). Although he complained to the nurses that he was also having difficulties urinating and defecating, they merely directed him to return to his

housing unit. *Id*. On March 9, 2024, Plaintiff was again escorted to the healthcare unit due to extreme pain. Plaintiff saw Nurse J. Smallwood who contacted the on-call physician, Dr. Larson, for further instructions. *Id*. at p. 6. The physician ordered Smallwood to transport Plaintiff to the emergency room. *Id*. But she instead sent Plaintiff back to his housing unit. *Id*. Plaintiff alleges Smallwood ignored Dr. Larson's orders as well as Dr. Khan's previous orders to transport Plaintiff to the emergency room if he continued to complain of pain. *Id*. at p. 7.

Plaintiff alleges that he remained in the housing unit for two additional days due to Smallwood's failure to follow the doctor's directives (Doc. 1, p. 7-8). He continued to have difficulties urinating and defecating. *Id*. at p. 6. He also had to sleep sideways in a chair because laying down in the bed caused him pain. *Id*. On March 11, 2024, Plaintiff woke up to intolerable pain in his lower back and legs. *Id*. He was also unable to urinate and had not had a bowel movement in five days. *Id*. Plaintiff was transported to the healthcare unit in a wheelchair. At the healthcare unit, the nursing staff had to use a catheter to relieve Plaintiff, and he was then sent to St. Mary's Hospital for further treatment. *Id*. An MRI revealed a herniated disc pressing on the nerves in his lower back. Plaintiff was then transported by helicopter to Barnes Jewish Hospital in St. Louis, Missouri, for emergency back surgery. *Id*. After surgery, Plaintiff was diagnosed with a disorder, cauda equina syndrome, which occurs when the nerve roots in the lumbar spine are compressed, cutting off sensation and movement. *Id*. Without immediate surgery to relieve the pressure, an individual with the condition can have permanent paralysis, impaired bladder and bowel control, and other issues. *Id*. Plaintiff maintains that he still

experiences difficulties urinating and defecating and relies on a catheter to urinate. *Id*. He walks with a limp, lacks sexual sensation, and sometimes urinates on himself due to lack of control. *Id*.

Plaintiff alleges that Wexford Health Sources, Inc. developed policies, practices, and procedures that prevented Plaintiff from receiving timely care. Specifically, Wexford failed to fill vacancies, including doctors, which created a backlog of appointments and delayed Plaintiff's care. (Doc. 1, p. 7). Plaintiff alleges that those delays prevented him from receiving proper medical treatment and diagnosis of his condition. *Id*. There was also insufficient staff to carry out the orders of Dr. Khan in March 2024. *Id*.

As to Dr. Khan, Plaintiff alleges that Khan acted with deliberate indifference because he did not immediately send Plaintiff to an outside hospital for evaluation (Doc. 1, p. 7). Finally, Plaintiff alleges that Nurse Smallwood acted with deliberate indifference by ignoring Dr. Khan's orders to send Plaintiff to the emergency room if he experienced pain after Dr. Khan's treatment. *Id*. Plaintiff alleges that Smallwood defied the instructions of both Dr. Khan and Dr. Larson and prevented Plaintiff from being sent to the emergency room. *Id*. at p. 7-8.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Khan for failing to recognize the symptoms of Plaintiff's condition which required transportation to the emergency room and surgery.**

> **Count 2:** **Eighth Amendment deliberate indifference claim against J. Smallwood for failing to transfer Plaintiff to the emergency room and delaying adequate care for his condition.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for having a policy or practice of delaying filling vacancies for doctors which led to a backlog and delay in medical appointments for Plaintiff's condition.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

Simply put, Plaintiff fails to state a claim against Dr. Khan in Count 1. Although Plaintiff alleges that Dr. Khan acted with deliberate indifference in treating Plaintiff because he failed to recognize the symptoms of cauda equina syndrome, including numbness, urinary retention, and pain, Plaintiff fails to allege that these actions amounted to deliberate indifference. *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). *See also Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017) (noting that in reviewing a claim for deliberate indifference to a plaintiff's medical condition, the Court "first examin[es] whether a plaintiff suffered from an objectively serious medical condition, and then determine[s] whether the individual was deliberately indifferent to that

---

[2]   *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

condition."). Plaintiff alleges that Dr. Khan provided care including a shot of pain medication and additional pain medications. (Doc. 1, p. 7). He also ordered an x-ray, low bunk permit, lay-in permit, and directed that Plaintiff be sent to the emergency room if the pain continued. *Id.* Although Plaintiff alleges that Dr. Khan failed to recognize the symptoms of his condition, this failure amounts to, at most, negligence. *See, e.g., Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (stating that "[d]eliberate indifference is more than negligence and approaches intentional wrongdoing.") (quotations omitted). Dr. Khan provided Plaintiff with care, pain medication, and instructions on further care. There are no allegations to suggest that Dr. Khan was aware of Plaintiff's need for care prior to examining him on March 5, or that he was aware that Plaintiff suffered from cauda equina syndrome. There are also no allegations to suggest that Dr. Khan was aware of Plaintiff's other conditions, including urinary and bowel issues, which would have indicated a more serious issue. Thus, Plaintiff fails to state a claim for deliberate indifference against Dr. Khan.

Plaintiff, however, states a viable claim against Nurse J. Smallwood. He alleges that she ignored doctors' orders, both Dr. Khan's prior orders and Dr. Larson's orders, to send Plaintiff to the hospital, and left Plaintiff in his cell for two additional days before he was sent to the emergency room. Her delay in treating Plaintiff states a viable claim for deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). Thus, Count 2 shall proceed against Nurse Smallwood.

Finally, Plaintiff also states a viable claim for deliberate indifference against Wexford. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-654 (7th Cir. 2021); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). He alleges that his care was delayed, in part, due to Wexford's practice of delaying the hiring of medical staff which led to delays in his diagnosis and treatment. Thus, Count 3 shall proceed against Wexford.

**DISPOSITION**

For the reasons stated above, Count 2 shall proceed against J. Smallwood and Count 3 shall proceed against Wexford. Count 1 against Dr. Khan is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants J. Smallwood and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk. Plaintiff's motion for service of process at the Government's expense (Doc. 2) is **DENIED as moot**.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

**Because Plaintiff's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED:  November 18, 2024.

Digitally signed by
Judge Sison
Date: 2024.11.18
14:12:11 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**